UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PHILIP DRAHEIM,            )
                                 )
         Petitioner,             )   Case No. 1:05-cv-587
                                 )
v.                               )   Honorable Wendell A. Miles
                                 )
SHIRLEY A. HARRY,                )
                                 )
         Respondent.             )
_____)

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  Factual allegations

Petitioner, who is represented by counsel in this action, presently is incarcerated at the Muskegon Correctional Facility. Petitioner was convicted in the Ingham County Circuit Court of second-degree murder. On June 22, 2002, he was sentenced to imprisonment of sixty to ninety years. The Michigan Court of Appeals issued an unpublished opinion affirming his conviction on March 2, 2004, and the Michigan Supreme Court denied his application for leave to appeal on August 31, 2004.

In his habeas application, Petitioner raises the following two grounds for relief:

I.  The 30th Circuit Court unduly prejudiced Petitioner David Philip Draheim, in an act contrary to the Due Process Clause of the U.S. Constitution 14th Amendment, when it nullified the determination of the 55th District Court and conducted its own de novo review of an immunity agreement between Petitioner and the Ingham County Prosecutor.

II. The acts and omissions of Patrick Ehlmann, acting as [appellate] attorney for Petitioner David Draheim, rose to the level of being contrary to the U.S. Constitution Sixth Amendment by leading to the status of ineffective assistance of counsel.

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4,

6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law.  *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004)  (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)), *cert. denied*, 125 S. Ct. 1653 (2005).  A petitioner need not cite "chapter and verse" of constitutional law, *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), but general allegations of the denial of the rights to a "fair trial" or "due process" are not sufficient to fairly present a claim that specific constitutional rights were violated.  *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (citing *McMeans*, 228 F.3d at 681).

On direct appeal in the Michigan Court of Appeals, Petitioner presented his first claim as follows:

> DID THE TRIAL JUDGE ERR BY HOLDING THAT THE DISTRICT COURT WAS WITHOUT JURISDICTION TO CONSIDER DEFENDANT'S CLAIM OF IMMUNITY AND THEREBY DECLARING ITS FINDINGS OF FACT THAT THE AGREEMENT EXISTED A NULLITY?

Petitioner argued that he was immune from prosecution in this case by the Ingham County Prosecutor because he had made an agreement with the prosecutor that if Petitioner passed a

3

polygraph examination, he would not be prosecuted. The Ingham County Circuit Court reversed the finding of the district court that the Ingham County Prosecutor was disqualified from prosecuting the case as a result of the agreement. Petitioner's state appellate brief did not assert any violation of federal law or cite any federal case. His claim was framed exclusively under state law principles. In his first ground for habeas corpus relief, Petitioner now argues that the circuit court violated his federal due process rights by reversing the decision of the district court on the immunity issue. Because Petitioner did not "fairly present" the federal due process claim in the state courts, he fails to satisfy the exhaustion requirement.

Petitioner raised his second ground for relief asserting ineffective assistance of appellate counsel for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and thus, his supplemental issues were not reviewed. Accordingly, Petitioner's second ground for habeas relief also is unexhausted.

4

Petitioner has at least one available procedure by which to exhaust the issues presented in his habeas petition in the state courts. *See* 28 U.S.C. § 2254(c) (an applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented). He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Petitioner, therefore, may present his unexhausted claims in a motion for relief from judgment.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on August 31, 2004. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on November 29, 2004. Accordingly, Petitioner has one year, until November 29, 2005, in which to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Therefore, the filing of a motion for relief from judgment will toll the statute of limitations. The statute of limitations will remain tolled so long as proceedings on the motion for relief from judgment remain pending in the state courts. A motion for post-conviction

relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It also is considered pending during the ninety-day period in which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition actually was filed. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*), *cert. denied*, 541 U.S. 1070 (2004). Therefore, if Petitioner acts quickly, he can file a motion for relief from judgment and have sufficient time remaining in the limitations period in which to file a new habeas petition after he has exhausted his claims in the state court.[1]

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit

---

[1] In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed petition" could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. A "mixed" petition contains both exhausted and unexhausted claims. The petition at issue in this case is not "mixed" because it contains only unexhausted claims; therefore, the stay-and-abeyance procedures set forth in *Palmer* do not apply.

that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

7

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

        A Judgment consistent with this Opinion will be entered.


Dated:  October 25, 2005                        /s/ Wendell A. Miles
                                                        Wendell A. Miles
                                                        Senior U.S. District Judge